NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 31 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS ADAME DE LA ROSA, AKA
Jose Hernandez,

      Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

      Respondent.

No.   14-71218

Agency No. A200-149-261

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016[**]

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Carlos Adame de la Rosa, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT").   We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review de novo due process contentions, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

Adame de la Rosa contends in his opening brief that it is more likely than not he will be persecuted in Mexico on account of his membership in two particular social groups – his biological family and parents of disabled children. Substantial evidence supports the agency's conclusion that Adame de la Rosa failed to establish a clear probability of persecution on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (under the REAL ID Act, applicant must prove a protected ground will be at least "one central reason" for persecution); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003) (evidence did not compel a finding that it was more probable than not that petitioner would be persecuted). The record does not support Adame de la Rosa's contention that the BIA failed to consider his arguments on appeal. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). Thus, we deny the petition as to Adame de la Rosa's withholding of removal claim.

14-71218

Substantial evidence also supports the agency's denial of Adame de la Rosa's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). The record does not support Adame de la Rosa's contention that the BIA failed to consider evidence regarding his fear of torture. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). Thus, we deny the petition as to Adame de la Rosa's CAT claim.

**PETITION FOR REVIEW DENIED**.